## MAXWELL *v.* AUDITOR GENERAL.

TAXATION — LOCAL IMPROVEMENTS — BILL TO SET ASIDE ASSESS-
MENT—CITY AS PARTY—BILL OF REVIEW.
> A decree setting aside certain taxes assessed for local improve-
> ments in a city was properly vacated on bill of review filed
> by the city, where it was not made a party to, nor given
> an opportunity to be heard in, the original suit.

Appeal from Bay; Snow, J., presiding. Submitted December 7, 1900. Decided January 29, 1901.

Bill by Edna Maxwell against Roscoe D. Dix, auditor general, and Charles J. Smith, county treasurer of Bay county, to set aside certain taxes. There was a decree *pro confesso* for complainant, after which the city of Bay City, by its mayor, recorder, and city attorney, petitioned for leave to file a bill of review. From an order vacating the decree and dismissing the bill, complainant appeals. Reversed.

*A. C. Maxwell*, for complainant.

*Horace M. Oren*, Attorney General, for defendant auditor general. .

*Brakie J. Orr*, for petitioner.

LONG, J.   This proceeding is by petition in the above case for leave to file a bill in the nature of a bill of review against the complainant, Edna Maxwell, for the purpose of having a certain decree entered in said cause reviewed, reversed, and set aside; that the city of Bay City may be made a party defendant in the cause; that the cause may be reheard, and the city of Bay City given an opportunity to make a defense against the allegations contained in the original bill of complaint.   The original bill was filed, as alleged in the petition, to set aside certain assessments upon property described in the bill for certain local improvements in Bay City, to wit, paving taxes for the year 1883, taxes for 1885 (being taxes for 1882 reassessed), paving taxes for the years 1894, 1895, 1896, and a sewer tax of 1898.   The petition shows that, when the original bill was filed, subpœna was served upon defendant Smith in September, 1899; that the appearance of both defendants was entered by the then prosecuting attorney of Bay county; that a stipulation signed by the then prosecuting attorney, dated in December, 1899, admitted notice of hearing of the cause for the September term of 1899.   This stipulation was filed in the cause in January, 1900.   The petition states that the cause came on to be heard before Judge Snow, of the Tenth judicial circuit; that no witnesses were examined, and no testimony given or received to sustain the allegations contained in the bill; but that a decree was entered in the cause setting aside all such taxes, and directing the auditor general and county treasurer to cancel all such taxes on the books of their respective offices.   It is further alleged in the petition that the city of Bay City is the real party in interest, and should have been made a party defendant, but that such city was not

made a party, and had no notice or information of the pendency of the cause, and no opportunity to be heard or make any defense, until after the decree was entered therein. It is claimed that the bill should be reviewed, and the decree reversed and set aside, for the following reasons:

1. That the solicitor for the complainant was the circuit judge of said county, and discharged the duties of such circuit judge during the time he was acting as solicitor for complainant in the cause.

2. That the solicitor for complainant was the husband of complainant, and did not address the bill of complaint to any justice of the Supreme Court, but as such solicitor for said complainant addressed the bill to himself as circuit judge.

3. That the said circuit judge, while acting as solicitor for the complainant during his term of office as circuit judge, was not a party to the suit, or interested in the subject-matter thereof.

4. That the said city of Bay City was the real party in interest, and a necessary party to said suit, and was not joined as a party thereto.

5. That the decree was made and granted by the court at a hearing of which the city of Bay City had no notice.

6. That the decree in said cause was made and signed contrary to the provisions of standing rule 14 of said court; none of the evidence in said cause taken in open court having been reduced to writing or typewriting, and filed, as required by rule 14, at any time previous to the time of signing or filing said decree.

7. That no officer, agent, or representative or solicitor for said city of Bay City had any knowledge or notice that said cause was pending, or that it was coming on for hearing, and had no opportunity to present any testimony.

8. That no testimony was offered in said cause warranting the court in setting aside the taxes referred to in said decree.

9. That no service was had upon the auditor general in said cause.

An affidavit was filed with this petition, sworn to by Brakie J. Orr, who is the present city attorney for the city of Bay City, in which he states on information and belief that the taxes so set aside are valid, and were legally

assessed. The affidavit also states that no notice was given to the city of Bay City before decree taken in the original suit; that in the afternoon of December 30, 1899, he was called up by telephone, and informed that such suit was to be heard in court, but that such notice was so short it left him no time to examine and make preparation in the case. It also states that the city of Bay City has a good and meritorious defense to the suit, which it wishes to interpose.

Upon the hearing of the petition in the court below, Judge Snow again sat in the case, and, after hearing it, entered a decree setting aside the original decree, and also dismissed the complainant's original bill, with costs. Complainant has appealed.

We think the court was not in error in setting aside the original decree, as the city should have been made a party defendant in the suit. It certainly was interested in being heard upon the question of the legality of the local assessments of taxes which were set aside, and therefore a necessary party. It was not made a party, and never has had an opportunity to be heard. We need not discuss the other claimed reasons for setting aside the decree. We think, however, the court was in error in dismissing complainant's bill. The decree below will be reversed, and the case remanded. The defendant will have 30 days in which to answer the bill. Complainant will recover costs of this court.

The other Justices concurred.